IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT FRANKFORT

| | |
|---|---|
| TAYLOR *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Civ. No. _____ |
| v. | ) |
| | ) |
| KKR & CO., L.P., *et al*. | ) |
| | ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

Defendants KKR & Co. Inc. (formerly KKR & Co. L.P.), Henry R. Kravis, George R. Roberts, Prisma Capital Partners, L.P., Girish Reddy, The Blackstone Group Inc. (formerly The Blackstone Group L.P.), Blackstone Alternative Asset Management, L.P., J. Tomilson Hill, Stephen A. Schwarzman, Pacific Alternative Asset Management Company, LLC, Jane Buchan, R.V. Kuhns & Associates, Inc., Cavanaugh Macdonald Consulting, LLC, Ice Miller, LLP, William S. Cook, and Michael Rudzik ("Defendants"), without waiving the right to assert any and all defenses available to them, including lack of personal jurisdiction, hereby file this Notice of Removal of the above-captioned matter from the Circuit Court for the County of Franklin, Kentucky, to the United States District Court for the Eastern District of Kentucky, pursuant to 28 U.S.C. §§ 1441 and 1446. As required by 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Defendants are attached hereto as Exhibit A.

In support of removal, Defendants state as follows:

1. On July 9, 2021, Plaintiffs Tia Taylor, Ashley Hall-Nagy, and Bobby Estes filed an amended complaint, newly styled as a purported class action, in the Circuit Court for the County of Franklin, captioned *Taylor et al., v. KKR & Co., L.P., et al.*, Civil Action No. 21-CI-00020 (the "State Court Action").[1]  *See* Compl, included in Ex. A.  Plaintiffs now purport to maintain the State Court Action as a class "on behalf of" current and former Tier 3 members of the Kentucky Retirement Systems ("KRS").[2]  *See id.*

2. Plaintiffs seek money damages, as well as declaratory and equitable relief, based on allegations that certain Defendants participated in a joint enterprise and/or a civil conspiracy; aided and abetted breaches of statutory, fiduciary, and other duties by other Defendants; and/or violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968; and that all Defendants breached statutory, fiduciary, and other duties owed to Plaintiffs.  Plaintiffs also claim entitlement to punitive damages.

3. This Court has original subject matter jurisdiction over the State Court Action pursuant to 28 U.S.C. §§ 1331 and 1332.  Pursuant to 28 U.S.C. § 1331, this Court has federal question jurisdiction over the State Court Action because Plaintiffs have asserted a civil RICO claim.  Further, pursuant to 28 U.S.C. § 1332, this Court has diversity jurisdiction over the State Court Action because this Action is brought as a purported class action in which the total number of class members is alleged to be 100 or more, there is diversity of citizenship between one plaintiff and one defendant, and the amount in controversy for the class members in the aggregate exceeds the sum or value of $5 million, exclusive of interests or costs.

---

[1]   Plaintiffs filed their original complaint on January 6, 2021, styled as a derivative action on behalf of the Kentucky Retirement Systems.

[2]   On April 1, 2021, KRS was restructured as the Kentucky Public Pensions Authority ("KPPA").  For simplicity, Defendants continue to use the term "KRS" in this Notice of Removal when referring to KPPA.

4. Accordingly, removal is proper pursuant to 28 U.S.C. § 1441(a), which provides that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

## JURISDICTION

**I. This Court Has Federal Question Jurisdiction over This Action Pursuant to 28 U.S.C. § 1331.**

5. Federal courts have original jurisdiction over any claim "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

6. RICO is a federal statute, codified at 18 U.S.C. §§ 1961-1968. Claims brought under RICO arise under the laws of the United States and are properly filed "in any appropriate United States district court." 18 U.S.C. § 1964(c). Accordingly, a federal court has original jurisdiction over a RICO claim pursuant to 28 U.S.C. § 1331, and a defendant may remove a claim under RICO from state court to federal court pursuant to 28 U.S.C. § 1441. *See Kabealo v. Davis*, 72 F.3d 129 (6th Cir. 1995) ("[T]he district court would have had original jurisdiction over the action under 28 U.S.C. § 1331 because the amended complaint included a claim arising under the laws of the United States, alleging a RICO violation pursuant to 18 U.S.C. § 1962.").

7. The Complaint asserts a claim for alleged "civil violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961–1968." Ex. Compl. ¶ 1; *see also* ¶ 301 ("This civil RICO claim is brought under 18 U.S.C. §§ 1962(b), (c) and (d) . . . ."); ¶¶ 372-375 (alleging a cause of action under 18 U.S.C. §§ 1962(b), (c), and (d)).

Because Plaintiffs have brought a claim under the federal RICO law, this Court has original federal question jurisdiction over the State Court Action pursuant to 28 U.S.C. § 1331.

8. Further, this Court has supplemental jurisdiction over the remaining claims in this Action pursuant to 28 U.S.C. § 1367, which provides federal courts with supplemental jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III." The Complaint acknowledges the factual overlap between the state and federal law claims, asserting that "[m]any of the same acts and conduct pleaded earlier that constitute violations of Kentucky law also constitute violations of federal law." *See* Compl. ¶ 301. The allegations supporting the state and federal law claims arise from the same transactions and occurrences, the same parties and derive from a common nucleus of operative facts. Therefore, by Plaintiffs' admission, the RICO and state law claims are so related as to form part of the same case or controversy under Article III. This Court has and should thus exercise supplemental jurisdiction over the state law claims.

9. This Action is removable pursuant to 28 U.S.C. § 1441(c) even if the Court does not exert supplemental jurisdiction over the non-federal claims. First, as a class action, this Action as a whole is removable under 28 U.S.C. § 1332. *See infra* Point II. Second, the federal RICO claim is removable in any event under 28 U.S.C. § 1441(c).

**II. This Court Has Diversity Jurisdiction over This Action Pursuant to 28 U.S.C. § 1332.**

10. This Court has original jurisdiction over this Action under the Class Action Fairness Act of 2005 ("CAFA"). Under CAFA, District Courts have "original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of

4

$5,000,000, exclusive of interest and costs, and is a class action in which any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2).

11. The Complaint was brought as a purported class action. Plaintiffs expressly state that this "is a class action brought on behalf of current and former Tier 3 members" of KRS. *See* Compl. ¶ 1. Further, the number of putative class members is 100 or greater, as Plaintiffs allege "there are approximately 100,000 Class Members." *Id.* ¶ 340.

12. A party removing based on CAFA need only show that minimal diversity exists, such that one class member is a citizen of a state different from that of one defendant. 28 U.S.C. § 1332(d)(2)(A); *see also, e.g., Roberts v. Mars Petcare US, Inc.*, 874 F.3d 953, 955 (6th Cir. 2017) ("[U]nder CAFA, federal courts may hear class actions with minimal diversity, such that only one plaintiff and one defendant need be citizens of different States.")

13. Plaintiffs allege they are citizens of the Commonwealth of Kentucky. *See* Compl. ¶ 94.

14. Most of Defendants are citizens of states other than the Commonwealth of Kentucky. For example, Defendant Reddy is a citizen of the State of New Jersey.

15. Thus, at least one purported class member is a citizen of a different state than at least one defendant.

16. Pursuant to CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5 million, exclusive of interest and costs. 28 U.S.C. § 1332(d)(6). When making this determination, a defendant need only demonstrate it is "more likely than not" that the amount in controversy exceeds the jurisdictional threshold of $5 million in the aggregate. *Johnson v. BLC Lexington SNF, LLC*, No. CV 5:19-064-DCR, 2019 WL 2216441, at *2 (E.D. Ky. May 22, 2019).

17. Here, the aggregate amount in controversy, as alleged, more likely than not exceeds $5 million, exclusive of interest and costs. Plaintiffs claim that they and the other putative class members "have contributed to and continue to contribute thousands of dollars of their personal funds" to the KRS plan and are required to contribute between 5-9% of their pay annually, and have "been injured due to the diminishment of their benefits as a result of the wrongdoing alleged." Compl. ¶¶ 25, 27, 174–176. Plaintiffs assert that the class's compensatory damage claims "include, at a minimum, the following: (i) damages for the losses incurred as a result of lost 'upside sharing' including excessive plan expenses related to, inter alia, the Black Box and other hedge fund investments, unsuitable investments, the loss of trust assets, the loss of prudent investment opportunities and the loss of positive investment returns and accumulations; and (ii) disgorgement of fees from appropriate Defendants which each received from the sale of, the continued holding of, and the management of, unsuitable hedge fund products." *Id.* ¶ 347.

18. Plaintiffs seek "to recover their and the other Tier 3 class members individual compensatory and punitive damages and RICO treble damages." *Id.* ¶ 17, Prayer for Relief. In a proposed class of 100,000 members, seeking compensatory, punitive and treble damages, the aggregate amount in controversy more likely than not exceeds $5 million.

## REMOVAL IS TIMELY

19. The original complaint in the Action, filed on January 6, 2021, was not removable under either 28 U.S.C. §1331 or §1332. The original complaint did not assert a claim arising under federal law and there was neither complete diversity between Plaintiffs and Defendants nor CAFA diversity jurisdiction. The Action did not become removable until the filing of the amended complaint on July 9, 2021 (defined *supra* as "Complaint"), which added a

6

new federal law claim and asserted all of Plaintiffs' claims on behalf of a class, rather than derivatively on behalf of KRS.

20. Under 28 U.S.C. § 1446(b)(3), a "notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).[3]

21. Plaintiffs filed the Complaint on July 9, 2021, sending a copy to counsel for defendants via email. Service of the Complaint has not been effected on all Defendants and proof of service has not been filed by Plaintiffs.

22. Accordingly, this Notice of Removal has been filed within 30 days of Defendants' receipt of the Complaint and is thus timely under 28 U.S.C. § 1446(b)(3).

## PROCEDURAL REQUIREMENTS SATISFIED

23. Venue of this removal is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division corresponding to the Franklin Circuit Court, where the State Court Action was filed.

24. All Defendants join in and consent to the removal of the Action.

25. A copy of this notice will be served upon counsel for Plaintiffs and filed with the Clerk of the Court for the Circuit Court for the County of Franklin, Kentucky.

## CONCLUSION

26. Accordingly, pursuant to 28 U.S.C. §§ 1441 and 1446, removal of the State Court Action to this Court is appropriate.

---

[3] 28 U.S.C. § 1446(c), which provides that "[a] case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action," does not apply here, where the action was originally commenced on January 6, 2021.

27. If any questions arise as to the propriety of the removal of this Action, Defendants respectfully request the opportunity to present briefing and oral argument in support of their position that this case is removable.  Defendants further reserve the right to supplement or amend this Notice of Removal.

28. No previous application has been made for the relief requested in this Notice of Removal.

WHEREFORE, Defendants respectfully notify this Court that, pursuant to 28 U.S.C. § 1441, they have removed the above action from the Circuit Court for the County of Franklin, Kentucky, to this Court.

Respectfully submitted, this 19th day of July,

*/s/ Barbara B. Edelman*
Barbara B. Edelman
Grahmn N. Morgan
John M. Spires
Seth T. Church
DINSMORE & SHOHL LLP
250 W. Main Street, Suite 1400
Lexington, Kentucky 40507
Phone: (859) 425-1000
Fax:    (859) 425-1099
barbara.edelman@dinsmore.com
grahmn.morgan@dinsmore.com
john.spires@dinsmore.com
seth.church@dinsmore.com
*Counsel for Defendants KKR & Co. Inc. f/k/a KKR & Co. L.P., Henry Kravis, George Roberts, Michael Rudzik, Prisma Capital Partners LP, Girish Reddy, PAAMCO Prisma, LLC f/k/a Pacific Alternative Asset Management Company, LLC, and Jane Buchan*

Paul C. Curnin (to be admitted pro hac vice)
Peter E. Kazanoff (to be admitted pro hac vice)
Michael J. Garvey (to be admitted pro hac vice)
David Elbaum (to be admitted pro hac vice)
Sara A. Ricciardi (to be admitted pro hac vice)
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
Phone: (212) 455-2000
Fax:    (212) 455-2502
pcurnin@stblaw.com
mgarvey@stblaw.com
pkazanoff@stblaw.com
david.elbaum@stblaw.com
sricciardi@stblaw.com
*Counsel for Defendants Prisma Capital Partners LP, Girish Reddy, PAAMCO Prisma, LLC f/k/a Pacific Alternative Asset Management Company, LLC, Jane Buchan, and Michael Rudzik*

Barry Barnett (to be admitted pro hac vice)
Steven Shepard (to be admitted pro hac vice)
Abigail Noebels (to be admitted pro hac vice)
Ryan Weiss (to be admitted pro hac vice)
SUSMAN GODFREY LLP

9

1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Phone: (212) 336-8330
Fax:    (212) 336-8340
bbarnett@susmangodfrey.com
sshepard@susmangodfrey.com
anoebels@susmangodfrey.com
rweiss@susmangodfrey.com
*Counsel for Defendants KKR & Co. Inc. f/k/a KKR & Co. L.P., Henry Kravis, and George Roberts*

*/s/ Donald J. Kelly (w/ permission)*
Donald J. Kelly
Virginia H. Snell
Jordan M. White
WYATT, TARRANT & COMBS LLP
400 West Market Street, Suite 2000
Louisville, KY 40202
Phone: (502) 589-5235
Fax:    (502) 589-0309
dkelly@wyattfirm.com
vsnell@wyattfirm.com
jwhite@wyattfirm.com
*Counsel for Defendants The Blackstone Group, Inc. f/k/a The Blackstone Group L.P., Blackstone Alternative Asset Management L.P., Steven A. Schwarzman and J. Tomilson Hill*

Brad S. Karp (to be admitted pro hac vice)
Lorin L. Reisner (to be admitted pro hac vice)
Andrew J. Ehrlich (to be admitted pro hac vice)
Brette Tannenbaum (to be admitted pro hac vice)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
Phone: (212) 373-3316
Fax:    (212) 492-0316
bkarp@paulweiss.com
lreisner@paulweiss.com
aehrlich@paulweiss.com
btannenbaum@paulweiss.com
*Counsel for Defendants The Blackstone Group, Inc. f/k/a The Blackstone Group L.P., Blackstone Alternative Asset Management L.P., Steven A. Schwarzman and J. Tomilson Hill*

10

*/s/ Philip W. Collier (w/ permission)*
Philip W. Collier
Thad M. Barnes
Jeffrey S. Moad
STITES & HARBISON PLLC
400 West Market Street, Suite 1800
Louisville, KY 40202
Phone: (502) 681-0415
pcollier@stites.com
tbarnes@stites.com
jmoad@stites.com
*Counsel for Defendant R.V. Kuhns & Associates, Inc*

Robin E. McGuffin
STITES & HARBISON PLLC
250 West Main Street, Suite 2300
Lexington, KY 40507
Phone: (859) 226-2300
rmcguffin@stites.com
*Counsel for Defendant R.V. Kuhns & Associates, Inc*

*/s/ Cory Skolnick (w/ permission)*
Susan Pope
Cory Skolnick
FROST BROWN TODD LLC
250 West Main Street, Suite 2800
Lexington, KY 40507-1749
Phone: (859) 231-0000
Fax:    (859) 231-0011
spope@fbtlaw.com
cskolnick@fbtlaw.com
*Counsel for Defendant Ice Miller, LLP*

Margaret A. Keeley (to be admitted pro hac vice)
Ana C. Reyes (to be admitted pro hac vice)
Alexander Zolan (to be admitted pro hac vice)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington D.C. 20005
Phone: (202) 434-5137
Fax:    (202) 434-5029
mkeeley@wc.com
areyes@wc.com
azolan@wc.com

11

*Counsel for Defendant Ice Miller, LLP*

<u>*E. Kenly Ames (w/ permission)*</u>
Charles E. English, Jr.
E. Kenly Ames
ENGLISH, LUCAS, PRIEST & OWSLEY LLP
1101 College Street; P.O. Box 770
Bowling Green, KY 42101
Phone: (270) 781-6500
Fax:    (270) 782-7782
benglish@elpolaw.com
kames@elpolaw.com

-and-

Robert G. Brazier (to be admitted pro hac vice)
Steven G. Hall (to be admitted pro hac vice)
BAKER DONELSON BEARMAN CALDWELL
& BERKOWITZ PC
Suite 1600, Monarch Plaza
3414 Peachtree Road, N.E.
Atlanta, GA 30326
Phone: (404) 577-6000
Fax:    (404) 238-9615
shall@bakerdonelson.com
rbrazier@bakerdonelson.com
*Counsel for Defendant Cavanaugh Macdonald Consulting, LLC*

<u>*/s/ Glenn A. Cohen (w/ permission)*</u>
Glenn A. Cohen
Lynn M. Watson
SEILLER WATERMAN LLC
462 S. Fourth Street, 22nd Floor
Louisville, KY 40202
Phone: (502) 584-7400
Fax:    (502) 583-2100
gcohen@derbycitylaw.com
watson@derbycitylaw.com
*Counsel for Defendant William Cook*

12